# CIRCUIT COURT NO. 2 OF MORE CITY.

Filed January 26, 1927.

MARY V. WISCHHUSEN
VS.
HENRY M. WISCHHUSEN.

*Curran & Leach* for complainant.
*Matthias C. Angelmier* for defendant.

STANTON, J.—

Supplementing what was said in reviewing the testimony on the day on which the case was submitted, the Court finds that there has been condonation in this case. But it is equally clear that the defendant has been guilty of cruelty and excessively vicious conduct since the day of the assault in February of 1926.

The corroboration of the testimony of the plaintiff that such has been the conduct of the husband, is his own admission that he would push her with his open hand whenever they would quarrel. This was very frequent after that period. The wife says that on such occasions he would strike her with his fist, as well as slap her. The husband also admits that he stopped giving his salary to the wife for household and all other expenses, although

it had been his custom to allow her to handle the money continuously through their married life. But the husband contends it was stopped because his wife had been lending money to persons whom he does not name, nor produce, to testify in this case to sustain his reason for taking over the disbursement of his salary. The plaintiff testified that she never loaned any money to anyone, and further t h a t she never stated to him at any time that she had loaned any person any amount of money. The plaintiff further testified that the husband refused to give her anything with which to buy necessaries for either herself or the child, and that he told her that he was not going to support her any longer, and that she could get out of the house. She is corroborated partly in this statement by the admission of the husband that he did take over the disbursement of the money.

The plaintiff shows her interest in the material welfare of the home by her continuous employment for two and one-half or three years past, which necessitated early hours, getting to work at seven o'clock and continuing until four-thirty P. M.

With the consent and approval of her husband, she began this six months before they bought their home and for the purpose of contributing to the expense thus entailed, and has steadfastly continued down to the present time.

The husband has collected and disposed of over sixteen hundred dollars since June 1st, 1926, and has only given to his wife to date about one hundred and fifty dollars, which, in a measure, manifests his unconcern for the interests of his wife and child.

That the conduct of the defendant since the occurrences in February of 1926 has been vicious and cruel is testified to by the witness Elizabeth Beddo. When it is recalled that the Court finds the facts of the assault in February of 1926 to have transpired, as shown by the evidence of the witness James T. Hartnett, and the plaintiff, all of which is denied by the defendant, except that he had admonished his wife about the early hours which she selected to devote to her church attendance that morning, and which altercation the plaintiff testified brought the first assault on that day—the defendant stands before the

Court discredited. Resting under this cloud, the Court finds that the cruelty of treatment and excessively vicious conduct which has been manifested during the last four or five years of the married life of these parties and continued down to the day of the separation entitles the plaintiff to the relief prayed for, and a decree will be signed accordingly, giving the custody of the child to the complainant and awarding the wife the sum of twelve dollars per week permanent alimony, and whatever balance is found to be due at the rate of ten dollars per week from the date of the order pendente lite, by the terms of which order the allowance of the full amount originally provided was reserved for the final hearing of the case, and a counsel fee of fifty dollars for the solicitor of the plaintiff.